```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

TAMMY Q. GILMORE,

    Plaintiff,

v.	Case No.:   8:12-cv-1415-T-33MAP

PATRICK R. DONAHOE, POSTMASTER
GENERAL and ROBERT J. BARNHART,
DIRECTOR, OFFICE OF FEDERAL
OPERATIONS, U.S. EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

    Defendants.
_____/

**ORDER**

After separation from her employment with the United States Postal Service, Tammy Gilmore filed this action against the U.S. Equal Employment Opportunity Commission and others.[1] At this juncture, the Court grants the EEOC's Motion to Dismiss after hearing oral argument on the Motion on May 23, 2013.

**I.   Background**

Gilmore was removed from her employment with the United States Postal Service effective October 6, 2008, because she had been absent from work since June 23, 2008. (Doc. # 1, Ex.2

---

[1] The parties have consistently referred to Robert J. Barnhart, Director, Office of Federal Operations, U.S. Equal Employment Opportunity Commission as "the EEOC."  The Court will do the same.

at 2). In response to her termination, Gilmore filed an administrative complaint with the Equal Employment Opportunity Commission alleging that she was discriminated and retaliated against based on her status as an African-American female. (Id. at 3). Her case was assigned to an EEOC Administrative Judge. During the administrative proceedings, the USPS moved for findings and conclusions without a hearing pursuant to 29 C.F.R. § 1614.109(g), which is the administrative equivalent to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The Administrative Judge granted the USPS's motion and upheld Gilmore's separation from employment, finding that Gilmore failed to prove that she was subject to any discrimination.

Gilmore appealed that decision to the EEOC's Office of Federal Operations. On May 10, 2012, the Office of Federal Operations issued a decision as follows: "We agree with the [Administrative Judge's] findings and conclusions and note that the record is devoid of evidence of discriminatory or retaliatory motives on the part of any Agency official." (Id. at 4).

On June 27, 2012, Gilmore timely instituted this action against Patrick R. Donahoe in his official capacity as the Postmaster General of the USPS, and Robert J. Barnhart in his

2

official capacity as Director of the Office of Federal Operations, United States Equal Employment Opportunity Commission. (Doc. # 1).[2] On February 21, 2013, Gilmore filed a scattershot Amended Complaint against Defendants purporting to assert the following claims: (1) violation of the Fourteenth Amendment; (2) Arbitrary and Capricious; (3) Contrary to Constitutional Right; (4) Unsupported Evidence; (5) Unwarranted Facts; (6) Failure to Give Notice; (7) Racial Discrimination; (8) Sex Discrimination; (9) Wrongful Termination; (10) Nepotism; (11) Violation of Privacy; (12) Joint Conspiracy; (13) Breach of Contract, 42 U.S.C. § 1983, Florida Statute Title VIII § 95.11(2)(b); (14) Breach of Contract, 42 U.S.C. § 1981 and Florida Statute Title VIII § 95.11(2)(b); (15) Breach of Contract, Florida Statute Title VIII § 95.11(2)(B); (16) Negligence; (17) Tort Liability; (18) Investigation of Complaint; and (19) Dismissal of Complaint. (Doc. # 16).[3]

---

[2] See Ky. v. Graham, 473 U.S. 159, 166 (1985)("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the [government] entity. . . . It is not a suit against the official personally, for the real party in interest is the [government] entity.").

[3] During the hearing held on May 23, 2013, Gilmore clarified that she asserts counts 1-4 and 16-19 against the EEOC.

3

The EEOC filed its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on March 7, 2013 (Doc. # 22), to which Gilmore responded on March 14, 2013. (Doc. # 24).

## II. Legal Standard

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of

truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

### B. Rule 12(b)(6)

On a motion to dismiss for failure to state a claim, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to

5

> raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**III. Analysis**

   **A.   Fourteenth Amendment**

Count 1, for violation of the Fourteenth Amendment, fails because such Amendment only applies to the actions of the states, and the EEOC is a federal entity. See Nipper v. Smith, 39 F.3d 1494, 1549 (11th Cir. 1994)("[T]he Fourteenth Amendment only applies to state action.") (internal citations omitted); Okpala v. Jordon, 193 F. App'x 850, 852 (11th Cir. 2006)(same). The Court accordingly dismisses Gilmore's Fourteenth Amendment claim asserted against the EEOC.

   **B.   Administrative Procedures Act**

In count 2 for "arbitrary and capricious," Gilmore contends that the EEOC violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 551. However, that claim fails

6

because this Court lacks jurisdiction over such a claim as presented here.  See Califano v. Sanders, 430 U.S. 99, 105 (1977)("[T]he APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions."). Rather, the APA is used to review agency actions for which there is no other adequate remedy in a court.

Here, the EEOC issued a decision on Gilmore's complaint finding no discrimination.  However, as was the case in Newsome v. EEOC,  301 F.3d 227, 232 (5th Cir. 2002), this decision "did not determine her rights or have legal consequences.  It simply ended the agency's investigation of her charge, and notified [plaintiff] of her right to pursue her claim in court."  Thus, there has been no "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

In this case, Gilmore has a court remedy available (the present action) and she is availing herself of that remedy by participating in this suit.  Gilmore's APA claim against the EEOC is subject to dismissal.  See Storey v. Rubin, 976 F. Supp. 1478, 1482 (N.D. Ga. 1997)("[I]t is well settled that charging parties do not have an implied remedy against the EEOC or any other agency arising from the handling of a charge or a decision.")(citing Gibson v. Mo. Pac. R.R. Co., 579 F.2d

7

890, 891 (5th Cir. 1978)("Nothing done or omitted by the EEOC affected [plaintiff's] rights. Their adverse determination could not have precluded, and in fact did not preclude, the present suit by [plaintiff.] The relief sought of further investigation or action by the agency would be meaningless.")).[4]  Thus, the Court dismisses Gilmore's APA claim to the extent that it is asserted against the EEOC.[5]

### C. Federal Tort Claims Act

Gilmore's negligence claim (count 16) and "tort liability" claim (count 17) are barred due to Gilmore's failure to exhaust administrative remedies under the Federal Tort Claims Act. ("FTCA"), 28 U.S.C. § 2671, et seq. See

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

[5] Count 3 (for "contrary to constitutional right") and count 4 (for "unsupported evidence") appear to be related to Gilmore's APA claim. Upon examination of these claims, the Court determines that counts 3 and 4 are likewise subject to dismissal. Gilmore's First Amended Complaint does not specify any alleged violation of her constitutional rights in count 3. Count 3 states in its entirety: "Both agencies decisions were contrary to the constitutional right of the Plaintiff, in their delay to make a decision and relief of an injustice." (Doc. # 16 at 6). As for count 4, Gilmore alleges, "The Agencies findings of fact are not substantial evidence nor was the plaintiff ever given a hearing." (Id.). Even under the most liberal construction of Gilmore's allegations, the Court determines that Gilmore fails to state any claim in counts 3 and 4.

Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008)("The FTCA is a specific, congressional exception to the United States' sovereign immunity for tort claims, under which the government may be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government.")(internal citations omitted). "A federal Court does not have jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency . . . within two years from the time the claim accrues . . . accompanied by a claim for money damages in a sum certain." Id.

During the hearing held on May 23, 2013, Gilmore stated that she did not present such a claim to the EEOC. See McNeil v. United States, 508 U.S. 106, 107 (1993)("The Federal Tort Claims Act provides that an action shall not be instituted upon a claim against the United States for money damages unless the claimant has first exhausted his administrative remedies."). Gilmore's admitted failure to exhaust administrative remedies deprives the Court of jurisdiction over her negligence and tort liability claims against the EEOC. See Adams v. United States, 615 F.2d 284, 290 (5th Cir. 1980)("Noncompliance with section 2675 deprives

a claimant of federal court jurisdiction over his or her claim.").

### D. Counts 18 and 19

Finally, counts 18 and 19 for "investigation of complaint" and "dismissal of complaint" are claims without any basis for jurisdiction. Although Gilmore makes reference to 29 C.F.R. § 1614.107 and § 1614.108, these regulations do not give rise to a federal cause of action for Gilmore to pursue against the EEOC in this Court.

## IV. Conclusion

In summary, the Court dismisses each of Gilmore's claims asserted against the EEOC and dismisses the EEOC from this case. In addressing Gilmore's claims against the EEOC, the Court has taken into consideration the fact that Gilmore is proceeding pro se. The Court gave Gilmore an opportunity to respond to the EEOC's motion to dismiss in writing and to orally articulate her response to the Motion to Dismiss at the hearing held on May 23, 2013.

The Court acknowledges that Gilmore's pleadings and arguments are held to a less stringent standard than those of counsel. Even so, the Court dismisses the EEOC from this action.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  The EEOC's Motion to Dismiss (Doc. # 22) is **GRANTED.**

(2)  Defendant Robert J. Barnhart, as Director of the Office of Federal Operations, United States Equal Employment Opportunity Commission (herein referred to as the EEOC) is dismissed from this action.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>29th</u> day of May, 2013.

/s/ Virginia M. Hernandez Covington<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record